IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CAPITAL ONE FINANCIAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  Civil Action No. 3:07CV354-HEH ) |
| GLEN A. KIRKPATRICK, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Dimiss)**

This matter is before the Court on Defendant Glen A. Kirkpatrick's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have filed memoranda of law in support of their respective positions. The Court heard oral argument on July 26, 2007. For the reasons stated herein, the Court will deny Defendant's Motion to Dismiss.

**I. Background**

Plaintiff Capital One Financial Corporation ("Capital One") filed this action in the Circuit Court of Henrico County on May 17, 2007, seeking injunctive relief, equitable relief, and damages for an alleged breach of a non-compete agreement. Defendant Glen A. Kirkpatrick ("Kirkpatrick") removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Capital One employed Defendant for six years in a number of managerial capacities in the small business credit card marketing division. Capital One is engaged in the business of acquiring and managing all aspects of credit card accounts and is the fourth largest credit card issuer in the United States. As a condition of employment, Kirkpatrick entered into an

Intellectual Property Protection Agreement ("IPPA") with Capital One that, *inter alia*, seeks to restrict Kirkpatrick's employment for two years after resignation or termination from Capital One. On March 22, 2007, Kirkpatrick notified Capital One of his resignation, effective April 13, 2007, and that he planned to accept a position with HSBC in Portland, Oregon. Kirkpatrick is currently working for HSBC as a Senior Manager in the credit card line of business. HSBC is a major competitor of Capital One in the credit card business. Capital One seeks to enjoin Kirkpatrick from continuing in this role and to prevent Kirkpatrick from violating the terms of the IPPA. Capital One also seeks damages for Defendant's alleged breach.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952. In the final analysis, a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff

would be entitled to no relief under any set of facts which could be provided in support of the claims. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir. 1996).

### III. Analysis

"A non-competition agreement between an employer and an employee will be enforced if the contract is narrowly drawn to protect the employer's legitimate business interest, is not unduly burdensome on the employee's ability to earn a living, and is not against public policy." *Omniplex World Servs. v. U.S. Investigations Servs., Inc.*, 270 Va. 246, 249, 618 S.E.2d 340, 342 (2005). Such restrictions on trade are disfavored, and any ambiguities in the contract will be construed in favor of the employee. *Id.*; *Motion Control Sys., Inc. v. East*, 262 Va. 33, 37, 546 S.E.2d 424, 425-26 (2001). That is, any ambiguous provisions of the covenant will be construed with the broadest logical meaning and the most restrictive on the employee for the purpose of determining the agreement's validity. *See Grant v. Carotek, Inc.*, 737 F.2d 410, 412 (4th Cir. 1984). In determining the agreement's compliance with the three factors listed above, this Court must consider the restrictions in the agreement with respect to geographic limitations, length of time, and job function. *Simmons v. Miller*, 261 Va. 561, 581, 544 S.E.2d 666, 678 (2001). The Court must also consider these factors together rather than as separate issues. *Id.* at 581, 544 S.E.2d at 678.

The non-compete portion of the IPPA here seeks to prevent Kirkpatrick from "engag[ing] in a Competitive Business, in any capacity . . . that would directly concern that Competitive Business" for a maximum of two years after ending employment with Capital One. Compl. Ex. 1. The IPPA defines Competitive Business as "a line of business defined in Exhibit A in the geographical areas specified for such line of business as set forth in Exhibit A . . . and including

3

without limitation all activities and services that support the Competitive Business such as management, operational, analytical, brand management, marketing, infrastructure, information technology, human resources, treasury, accounting, financial and other staff, support and administrative services and activities, and third-party consulting, credit scoring account acquisition, account management, collection, recovery and processing services and activities." *Id.* Exhibit A lists three Competitive Businesses, only one of which is pertinent here, the Credit Card Business. *Id.* The Credit Card Business is defined as "[t]he business of acquiring and/or managing (including without limitation collection and recovery activities) unsecured and secured credit card accounts." *Id.* The prohibitions on employment in this agreement are limited geographically to the United States of America, the United Kingdom, and Canada. *Id.*

In the motion presently before the Court, Kirkpatrick argues that Capital One has failed to state a claim upon which relief can be granted. At this juncture, the inquiry is focused on whether Capital One has stated enough facts to make a plausible claim that Kirkpatrick violated a non-compete agreement that is enforceable under Virginia law. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959-60 (1997). Kirkpatrick argues that the language of the agreement is so unreasonably restrictive on its face as to be violative of public policy and unenforceable. Capital One argues that it must first present evidence not currently before the Court to demonstrate that the agreement is no broader than is necessary to protect its legitimate business interests.

An issue that emerged during oral argument was whether the enforceability of a non-compete agreement should be determined solely from the four corners of the contract or in the context of relevant extrinsic factual evidence. The answer lies in the procedural posture of the

4

case. With a few narrow exceptions, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are by nature confined to a review of the complaint and properly referenced documents.

While the language of the non-compete at issue here places significant constraints on the Defendant's future employment, the Court cannot conclude from a purely facial analysis that such restrictions are unreasonable under any factual setting. Dismissal under Rule 12(b)(6) is therefore inappropriate. Accordingly, Defendant's motion will be denied.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 1st day of August, 2007
Richmond, VA

5